## HASSELL *v.* HASSELL *et al.*

(Division A.   April 7, 1930.   Suggestion of Error Overruled April 21, 1930.)

[127 So. 581.   No. 28036.]

**S. A. Witherspoon**, of Meridian, for appellant.

**S. M. Graham**, of Meridian, for appellees.

**Cook, J.**, delivered the opinion of the court.

Mrs. A. M. Hassell died in Lauderdale county, Mississippi, leaving a last will and testament containing the following provisions;

"I hereby will all of my property both real and personal to Mrs. Annie Hassell Balch, to be held in trust by her for the benefit of my adopted grandson, Millard H. Henry Hassell, until he reached the age of twenty-one years same to be used for his best interest as the said Mrs. Annie Hassell Balch sees fit.

"And it is my will further that my daughter Mrs. Annie Hassell Balch continue to have the entire control and absolute management of my said real and personal property after the said Millard Henry Hassell arrives at the age of twenty-one years and that she lease, rent, live on or otherwise use same as she sees fit until she deems it practical to sell or otherwise dispose of said real and personal property. It is my will further that the income of my real and personal property, after my said grandson Millard Henry Hassell arrives at the age of twenty-one years be used by Mrs. Annie Hassell Balch for the payment of taxes and improving said property until sold or otherwise disposed of as she see fit. And it is my further will that the proceeds of the sale of any or all of the said real and personal property when sold or otherwise disposed of, shall be used or distributed as Mrs. Annie Hassell Balch sees fit.

"I further hereby appoint and constitute the said Mrs. Annie Hassell Balch the testatrix of this, my last will and testament."

To this will, there was attached the following codicil:

"Codicil One. The trust reposed in the second paragraph of my foregoing will and testament in favor of my said adopted grandson, Millard Henry Hassell is to terminate when he shall have arrived at the age of twenty-one years, when and at which time his interest in said estate shall cease entirely, unless Mrs. Annie Hassell Balch should see fit to extend to him further consideration."

This will was duly admitted to probate in Lauderdale county, and letters testamentary were issued to Mrs.

Annie H. Balch, the executrix therein named, and thereafter, before the minor, Millard Henry Hassell, reached the age of twenty-one years, the executrix, Mrs. Balch, died, leaving a last will and testament containing the following provisions:

"I give, devise and bequeath all my estate and property, real and personal as follows, I give to my brother Albert W. Hassell all of property real and personal of every description that I possess at my death, I appoint my brother Albert W. Hassell as executor of this my will. I further direct that my brother Albert W. Hassell shall not be required to make bond to execute this my last will."

The will of Mrs. Balch was duly admitted to probate, and Albert W. Hassell qualified as executor thereof. Thereafter the said minor, Millard Henry Hassell, and all the children and heirs at law of Mrs. A. M. Hassell, deceased, except Albert W. Hassell and W. E. Hassell, filed a bill of complaint against the said Albert W. Hassell and W. E. Hassell, alleging, in substance, that under the terms of the will of their mother, Mrs. A. M. Hassell, deceased, Mrs. Annie Hassell Balch took the property of their mother only as trustee for the use and benefit of the minor, Millard Henry Hassell, until he reached the age of twenty-one years, and that, acting as devisee under the will of Mrs. Balch, deceased, the said Albert W. Hassell had assumed possession of said property and was asserting a fee-simple title thereto, and had cut off the said minor from the benefits of the trust created in his behalf. The bill prayed that her will be construed as granting no interest in fee of said property, and that the children of Mrs. Hassell, who were parties complainant and defendant to the bill, be decreed to be the true and rightful owners of the property of their mother, with possession and enjoyment thereof postponed until the termination of the trust in favor of the said minor. The bill further prayed that the defendant A. W. Hassell be

required to account to said minor for all money and income received by him from such trust estate, and that the clerk of the court be appointed to act as trustee under the will of the said Mrs. A. M. Hassell, deceased, until the termination of the trust upon the said Millard H. Hassell reaching the age of twenty-one years.

The defendants, Albert W. Hassell and W. E. Hassell, filed a lengthy answer to the bill of complaint, much of which is here immaterial. They admitted the relationship of the parties and the due execution of the two wills and the creation of the trust by Mrs. Hassell. It was further admitted that Mrs. Balch had, by her will, attempted to pass the title to the property received by her from her mother's estate, but denied that A. W. Hassell, devisee under the will of Mrs. Balch, had cut off the minor, Millard H. Hassell, from the benefits of the trust created in his behalf. The defendants made their answer a cross-bill, in which it was alleged that the estate of Mrs. Hassell, deceased, consisted of household furniture of small value, and a dwelling house and lot located in the town of Marion, Mississippi, which had a rental value of twelve dollars per month; that the only method by which the property could be utilized for the benefit of the minor during the lifetime of Mrs. Balch was to allow him to reside in the house with her, permission for which was expressly provided in the will; that, having no cash or other assets put at her disposal by Mrs. Hassell to carry out the obligations imposed upon her by the trust created in the will, she was compelled to use her private funds for that purpose; that, for the purpose of carrying out the trust imposed upon her, Mrs. Balch advanced, out of her private funds, an amount largely in excess of the entire estate of her mother, an itemized statement of such alleged expenditures being set forth in the bill of complaint. It was further averred that these advances were lawful charges against the estate of Mrs. Hassell; that Mrs. Balch, during her lifetime, was entitled to have

all of said sums credited to her as executrix and trustee under her mother's will, but that, since she had died and left her entire estate to the defendant, Albert W. Hassell, he, as executor of the will of Mrs. Balch, was entitled to settle her accounts as executrix and trustee under her mother's will, and was entitled to have said sums estab-lished as lawful demands against Mrs. Hassell's estate in favor of Mrs. Balch's estate. It was further averred that the will of Mrs. Hassell conferred upon Mrs. Balch the power of appointment of her successor in title and as trustee, and prayed that the defendant Albert W. Hassell be decreed to be the true and lawful owner of the property. The cross-defendants answered the cross-bill, reaffirming the averments of the original bill, but denying the interpretation of both wills as contained in the cross-bill, and denying that the cross-complainant, Albert W. Hassell, has any claim to any part of the estate, except an equal share with the other children of Mrs. Hassell, and denying that Mrs. Balch furnished for the benefit of the minor, Millard H. Hassell, the sums set forth in the answer and cross-bill, or that she furnished sums sufficient for the support and maintenance of such minor, and averring that such advances as were made were voluntary and were not legal obligations against the estate of Mrs. Hassell, deceased.

Albert W. Hassell, executor under the will of Mrs. Balch, filed a final account of the executorship and trusteeship of Mrs. Balch under the will of Mrs. Hassell. The parties in interest, the complainants in the cause already herein stated, filed exceptions to this account, and thereupon the two proceedings were consolidated and heard as one cause. At the hearing of the consolidated cause, a great volume of testimony was heard bearing upon the items of the aforesaid final account and upon expenditures made and alleged to have been made on behalf of the minor, Millard H. Hassell, and, at the conclusion of the hearing, the court entered a decree directing that the

estate of Mrs. A. M. Hassell, deceased, should be held in trust for the sole use and benefit of Millard H. Hassell, minor, until he becames twenty-one years of age, and appointing the clerk of the chancery court as trustee of said estate for the use and benefit of said minor for the period of his minority, and ordering that Albert W. Hassell pay to such trustee, for the use of the trust estate, at the rate of seventy-five dollars per year for the period he has charge of the same, and sustaining the exceptions to the final account of Albert W. Hassell, executor, except as to taxes on the property paid by Mrs. Balch and two small items expended by her for repairs to the home; these items being decreed to be charges against the estate of Mrs. A. M. Hassell, deceased, in favor of the estate of Mrs. Balch, deceased, to be paid out of the trust estate after the said minor becomes twenty-one years of age. The decree further adjudged that, upon the termination of the trust estate, the entire estate left by Mrs. Hassell, deceased, should go to her heirs at law, except her grandson, Millard H. Hassell, in equal shares.

The will of Mrs. A. M. Hassell created an express trust in all her property for the use and benefit of her minor grandson, to continue until he reached the age of twenty-one years, at which time all his interest in said property should cease, but the will does not confer upon the devisee and trustee, Mrs. Annie Hassell Balch, any power to appoint by will or otherwise her successor as such trustee. The court below therefore committed no error in appointing a trustee to execute the trust created by the will. There is testimony in the record to support the action of the court upon the various items of the account filed upon behalf of the deceased executrix of the estate of Mrs. Hassell, and we are unable to say that the decree disposing of these items is manifestly erroneous, and we find no reversible error in the decree except in the construction of the wills as to the ultimate disposition of the fee of the property in controversy.

The will of Mrs Hassell invested her daughter, Mrs. Balch, with the entire control and absolute management of all the property devised and bequeathed by her, with the limitation that the income therefrom should be used for the benefit and best interest of the minor, Millard H. Hassell, as Mrs. Balch saw fit; her discretion and judgment in that regard being entirely uncontrolled. By the terms of the will, after the said minor becomes twenty-one years of age, Mrs. Balch was to continue to have the entire control and absolute management of the property, with the right to lease, live on, or otherwise use the same, or to sell or otherwise dispose of it, as she saw fit or desired, and, when the property was sold, or otherwise disposed of by her, she was granted the absolute right to use or distribute the proceeds in any manner she desired. By the provisions of the will, Mrs. Balch was invested with every indicia of ownership, and the effect thereof was to grant to her the absolute fee-simple title to this property, charged, however, with the trust in favor of and for the benefit of the minor, Millard H. Hassell, until he becomes twenty-one years of age. Being so invested with the fee-simple title, the devisee and legatee under her will acquired this title, burdened, however, with the trust created by the will of Mrs. Hassell.

The decree of the court will therefore be reversed, and a decree will be entered here modifying the decree of the court below only to the extent necessary to accord with the views herein expressed as to the nature and extent of the title which passed under this will; and the costs of this appeal will be divided equally between the appellees and the appellant, A. W. Hassell.

Reversed, and decree here.